951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harlan LUEKER, Plaintiff-Appellant,
v.
Steven J. DAVIES; State of Kansas; Joseph E. Muro,
Defendants-Appellees.
 No. 91-3142.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises out of a beating of one prison inmate by another inmate while they were incarcerated in a Kansas state prison. Plaintiff Harlan Lueker apparently suffered extensive injuries in that beating. He brought a civil rights action for damages under 42 U.S.C. § 1983 naming inmate Joseph E. Muro, the State of Kansas, and Steve Davies, Director of Corrections for Kansas, as defendants.
 
 
 3
 Muro is a fugitive from justice who has never been served in this suit. The district court dismissed the State of Kansas because of its immunity under the Eleventh Amendment; it dismissed Davies for failure of plaintiff to demonstrate any personal participation by Davies.
 
 
 4
 A beating by one inmate of another does not implicate state action unless the inmate acted in concert with state actors as in a conspiracy. Plaintiff alleged that Muro was placed in his cell (in which there were apparently six inmates) at the direction of defendant Davies with the specific intent that Muro would beat up plaintiff. Before rendering its judgment, the district court entered a pretrial order which stated that discovery had been completed.
 
 
 5
 After review of the record we agree with the district court that plaintiff has produced no evidence that inmate Muro was acting pursuant to any agreement with or under the direction of defendant Davies or the State of Kansas. The only evidence in the record from Muro is a letter of apology to plaintiff for the beating; the letter contains no reference to Davies or the State of Kansas nor any indication that Muro was acting under the direction of anyone. Davies denies any knowledge of or connection to the incident. Mere conclusory allegations, or plaintiff's repetition of hearsay comments allegedly made by the fugitive Muro are insufficient to meet the threshold requirements for a cause of action. See Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir.1981).
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3